IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-523-D

| | |
|---|---|
| THOMAS BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

On September 9, 2011, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 35]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 28], grant defendant's motion for judgment on the pleadings [D.E. 30], and affirm the final decision of defendant. On September 23, 2011, plaintiff filed objections to the M&R [D.E. 36]. On October 6, 2011, defendant responded [D.E. 37] to plaintiff's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Administrative Law Judge ("ALJ") analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff argues that Judge Webb failed to properly address his arguments concerning the medical opinions of two of his treating physicians. See Pl.'s Obj. 1–3. Plaintiff also argues that Judge Webb failed to address his argument that the ALJ ignored debilitating side-effects of his medication. See Pl.'s Obj. 3–4.

2

The regulations provide that the opinion of a treating physician on the nature and severity of impairments is to be accorded controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. The regulations prescribe factors to consider in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, and their consistency with the record. See 20 C.F.R. §§ 404.1527(d)(2)–(6), 416.927(d)(2)–(6).

The ALJ and Judge Webb properly addressed the opinions of plaintiff's treating physicians and the issues associated with the side-effects of plaintiff's medication. This court agrees with Judge Webb's thorough analysis and adopts it as its own.

In sum, the court adopts the M&R [D.E. 35]. Plaintiff's objections to the M&R [D.E. 36] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 28] is DENIED, defendant's motion for judgment on the pleadings [D.E. 30] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 19 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge